IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| DAMON M. WOMER and<br>JENNIFER J. WOMER, | : | BANKRUPTCY NO.: 1-08-bk-04779 |
| DEBTORS | : | |
| ROBERTA A. DeANGELIS<br>ACTING UNITED STATES TRUSTEE, | : | {**Nature of Proceeding**: Motion of the United States Trustee to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(2) and/or 707(b)(3) filed March 16, 2009 (Doc. #30)} |
| MOVANT | : | |
| vs. | : | |
| DAMON M. WOMER and<br>JENNIFER J. WOMER, | : | |
| RESPONDENTS | : | |

# OPINION

The United States Trustee has moved to dismiss the Debtors' bankruptcy case on two theories, as follows.

The Trustee argues that cause exists under 11 U.S.C. § 707(b)(2) inasmuch as a $405.06 monthly obligation on a nondischargeable student loan is not a "special circumstance" under § 707(b)(2(B)(i). Secondly, the Trustee argues that inflated food, home maintenance, and transportation expenses would suggest that, under the "totality of the circumstances," the case should be dismissed under § 707(b)(3) since the Debtors have significant income over their *reasonable expenses* available for creditors.

Originally, the Debtors scheduled repayment of the $42,000 student loan as an expense item on Form B22A. That Form is known as the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation. The Form represents a synopsis of the § 707(b) criteria for determining whether there would be a presumption of abuse requiring rebuttal by the Debtor

and, in the absence of an adequate explanation, dismissal of the case by the Court. As used in § 707(b)(2)(A)(ii)(I), student loan expense is, indeed, included as a category in the chart accompanying the explanation of expenses that meet the necessary expense test issued by the Internal Revenue Service. See Internal Revenue Manual 5.15.1.10; 2007 WL 2646965. Unfortunately for the Debtors, however, a proviso in § 707(b)(2)(A)(ii)(I) specifically excludes the use of any payments for debts in the calculation of monthly expenses for this purpose.

Apparently accepting this outcome, the Debtors have shifted their argument by advancing that their student loan expense is a "special circumstance." 11 U.S.C. § 707(b)(2)(B)(i). Under this provision of the Code, Debtors, suffering under the presumption of abuse, may rebut this conclusion by arguing that they have special circumstances that overcome the presumption of abusive filing "for which there is no reasonable alternative."

A number of courts have accepted the proposition that paying a nondischargeable student loan is a special circumstance that would overcome the presumption of abuse. *In re Robinette*, 2007 WL 2955960 (Bankr.D.N.M., 2007); *In re Martin*, 371 B.R. 347 (Bankr.C.D.Ill., 2007); *In re Knight*, 370 B.R. 429, 437-38 (Bankr.N.D.Ga., 2007); *In re Delbecq*, 368 B.R. 754 (Bankr.S.D.Ind., 2007); *In re Haman*, 366 B.R. 307 (Bankr.D.Del., 2007); *In re Templeton*, 365 B.R. 213 (Bankr.W.D.Okla., 2007).

A similar number of cases have decided that the student loan obligation did not meet the criteria of special circumstances. *In re Siler*, --- B.R. ---, 2010 WL 1068126 (Bankr.W.D.N.C., 2010); *In re Carrillo*, 421 B.R. 540 (Bankr.D.Ariz., 2009); *In re Fonash*, 401 B.R. 143 (Bankr.M.D.Pa., 2008); *In re Martellaro*, 404 B.R. 548 (Bankr.D.Mont., 2008); *In re Zahringer*, 2008 WL 2245864 (Bankr.E.D.Wis., 2008); *In re Champagne*, 389 B.R. 191 (Bankr.D.Kan., 2008); *In re Wagner*, 2008 WL 706616 (Bankr.D.Neb., 2008); *In re Pageau*, 383 B.R. 221 (Bankr.D.N.H., 2008); *In re Vaccariello*, 375 B.R. 809 (Bankr.N.D.Ohio, 2007).

Many of the cases cited focus on the exceptional burdens placed on the debtor by reason of the obligation of the student loan that would survive the bankruptcy discharge. That is exactly where the record in this case falls short. In the Debtors' brief record at the time of the hearing, nothing was offered to suggest that the continuing obligation owing on the student loan debt would render the fresh start unachievable. The transcript simply refers to the obligation and the general difficulties the Debtors have meeting their expenses.

The burden of proving special circumstances is on the debtor. Examples of special circumstances identified in the statute reference "serious medical condition or a call or order to active duty in the Armed Forces." It is completely understandable how both of these items would immediately impact the future income and expenses of a debtor. By reason of the canon of statutory construction of *ejusdem generis*[1], general language is held to apply to persons or things of the same kind or class as those specifically mentioned. *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 586, 128 S.Ct. 1396, 1404, 170 L.Ed.2d 254 (2008). The Court finds that, without a more significant explanation as to how a nondischargeable student loan would have grave consequences going forward, this obligation does not meet the criteria of "special circumstances."

This interpretation brings up an interesting twist. A student loan could be considered as an "undue hardship" as referenced in 11 U.S.C. § 523(a)(8). If such were the case, then it would be dischargeable as would most debt, thus providing no support as a special circumstance. Ironically, it would appear to be the burden of one attempting to establish a special circumstance to also advance that it would NOT be an "undue hardship" to pay the student loan, rendering it nondischargeable.

---

[1] Latin for "of the same kind."

While I won't address how bankruptcy courts of other Circuits may address this conundrum, I can say that the criteria needed to establish an undue hardship, chosen by our Third Circuit Court of Appeals in *In re Faish*, 72 F.3d 298 (3rd Cir. 1995), allows this relationship to be comprehensible. Specifically, *Faish* requires that there can be no "undue hardship" without a prior good faith attempt to repay the debt, a factor seemingly unrelated to whether the loan is burdensome to repay in the future. Conceivably then, a student loan could be burdensome without being dischargeable. Continuing the logic, a nondischargeable student loan could be a special circumstance, should there exist no "reasonable alternative" in addressing it.

Again, I point out that the Debtors made no effort to establish the lack of alternatives when confronting a nondischargeable student loan. All I could gather from this record was that the Debtors would be burdened with a nondischargeable obligation should a bankruptcy discharge be received. I find that such a finding alone is insufficient to constitute a special circumstance without additional information being tendered.

Such a finding allows me to grant the Motion to Dismiss filed by the United States Trustee without the need to address the United States Trustee's second argument that dismissal should ensue by reason of 11 U.S.C. § 707(b)(3).

My Order will follow.

By the Court,

Date: April 14, 2010

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*